**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTOR HUGO CHUQUIANA CHISAQUINGA,<br>Petitioner,<br>v.<br>LUIS SOTO, *et al.*,<br>Respondents. | Civil Action No. 26-13535 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Victor Hugo Chuquiana Chisaquinga's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, alleging unlawful detention. (ECF No. 1.) Respondents filed an answer (ECF No. 4), and Petitioner replied (ECF No. 5).

Petitioner, a citizen of Spain and a native of Ecuador, entered the United States on January 18, 2017, under the Visa Waiver Program ("VWP"). (ECF No. 4 at 1.) Petitioner was required to depart the country by April 17, 2017, but failed to do so. (*Id.*)

On October 13, 2026, Immigration and Customs Enforcement ("ICE") agents arrested and detained Petitioner. (*Id.*) On the same day, Petitioner was served with a Notice of Intent to Issue a Final Administrative Order and a Final Administrative Removal Order. (*Id.*; ECF No. 4-1; ECF No. 4-2.) Petitioner refused to sign or acknowledge either document. (*Id.*; ECF No. 4-1; ECF No. 4-2.)

On October 16, 2026, Petitioner filed the instant Petition challenging the legality of his detention. (*See generally* ECF No. 1.) Respondents filed an answer. (ECF No. 4.) Petitioner replied. (ECF No. 5.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be granted to a prisoner only if he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court has jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner argues that his detention is unlawful. (*See* ECF No. 1.) Respondents filed an answer asserting that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1187(c)(2)(E) because he violated the VWP conditions. (ECF No. 4.) Alternatively, Respondents assert that Petitioner is subject to a final order of removal pursuant to 8 U.S.C. § 1231. (Id.)

The Court finds that Respondents cannot support their initial argument that Petitioner is detained pursuant to § 1187. Section 1187 does not give Respondents the authority to detain noncitizens. *See, e.g., Cruz De Carvalho v. Blanche*, No. 26-10272, 2026 WL 2547371, at *1 (D.N.J. Aug. 28, 2026) (finding § 1187 did not authorize petitioner's detention); *Molina v. Soto*, No. 25-16880, 2025 WL 3281820, at *2 (D.N.J. Nov. 25, 2025) ("The text of § 1187(c)(2)(E) says nothing about [ICE's] authority to arrest and detain a person who has overstayed under the VWP."). "[T]he only language in [§ 1187] as to detention stated that the statute was intended *not* to create any right or duty regarding the 'removal or release' of detained" noncitizens. *Emila N. v. Ahrendt*,

No. 19-5060, 2019 WL 1123227, at *2 (D.N.J. Mar. 12, 2019) (emphasis in original) (quoting 8 U.S.C. § 1187(c)(2)(E)). Accordingly, § 1187 does not authorize Petitioner's detention.

Respondents argue in the alternative that Petitioner is mandatorily detained pursuant to § 1231 because he has a final administrative order of removal. (ECF No. 4.) Petitioner replied that he does not have an administratively final order of removal because he has filed an application for asylum. (ECF No. 5 at 4.)

"In the deportation context, a final order of removal is a final order concluding that the noncitizen is deportable or ordering deportation." *Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (cleaned up). "[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580. The Final Administrative Removal Order states that Petitioner's status as a VWP violator renders his "order is final and not subject to administrative appeal," and that the Department of Homeland Security "will proceed with [his] removal . . . unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the . . . Executive Office for Immigration Review." (ECF No. 4-2.)

Petitioner submits that after Respondents filed their answer, Petitioner filed an asylum application, so the order of removal is not final. (ECF No. 5 at 4.) VWP entrants may challenge their removal only by applying for asylum, withholding of removal, or relief under the Convention Against Torture. *See Shehu v. Att'y Gen.*, 482 F.3d 652, 654 (3d Cir. 2007); *see also* 8 U.S.C. § 1187(b). "As a result, a final order denying those three forms of relief is considered a final removal order for VWP entrants, and they may be removed without further process once such an administratively final order is issued." *Szentkiralyi v. Ahrendt*, No. 17-1889, 2017 WL 3477739, at

*2 (D.N.J. Aug. 14, 2017). Because Petitioner now has a pending asylum application, his order of removal is not administratively final, and Petitioner cannot be subject to detention under §1231.

As explained above, § 1187(c)(2)(E) does not provide detention authority. Other courts in this Circuit have found that, because § 1187(c)(2)(E) does not provide detention authority, the only statute that could provide for detention authority over a petitioner while their removal proceedings are pending and there is no administratively final order of removal is 8 U.S.C. § 1226. *See Talv v. Soto*, No. 26-9447, 2026 WL 2607317, at *4 (D.N.J. Sept. 3, 2026); *Romance v. Warden of York County Prison*, No. 20-0760, 2020 WL 6054933, at *3-4 (M.D.Pa. July 28, 2020); *see also Szentkiralyi*, No. 17-1889, 2017 WL 3477739, at *5; *see also Sutaj v. Rodriguez*, No. 16–5092, 2017 WL 66386, at *4-5 (D.N.J. Jan. 5, 2017). The Court agrees with the reasoning applied by many other courts in this Circuit and finds that, because Petitioner is in asylum proceedings and does not have an administratively final order of removal, Petitioner can only be subject to detention under 8 U.S.C. § 1226(a). Accordingly,

**IT IS**, on this 4th day of November 2026,

**ORDERED** that Petitioner's Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that shall treat Petitioner as detained under 28 U.S.C. § 1226(a); it is further

**ORDERED** that, as soon as practicable but no later than 7 days from the date of this Order, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; it is further

**ORDERED** that within three (3) days of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

**JULIEN XAVIER NEALS**
**United States District Judge**